**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARLENE MCINTOSH | : | Civil Action No. 15-5157 |
| | : | |
| v. | : | |
| | : | |
| WHITE HORSE VILLAGE, INC. | : | |
| | : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                          **April 7, 2016**

Defendant has filed a partial motion to dismiss, seeking dismissal of Plaintiff's

Americans with Disabilities Act (ADA) claim and her disability-based discrimination claim

under the Pennsylvania Human Relations Act (PHRA), as set forth in Counts V and VI of

Plaintiff's Amended Complaint, for failure to exhaust administrative remedies. Defendants do

not move to dismiss Plaintiffs claims under the Family and Medical Leave Act (FMLA), nor her

claims of race- and religious-based discrimination, retaliation, or failure to accommodate.

**I.      FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT[1]**

Since September 2010, Plaintiff has worked for White Horse Village, a Continuing Care

Retirement Community, as a licensed practical nurse (LPN). Initially, Plaintiff worked for White

Horse Village on a per diem basis, rather than full-time. In December 2010, after three months of

per diem work, she began working full-time as an LPN for White Horse Village. Although full-

time LPN's were expected to work on Sundays, Plaintiff requested and received an

accommodation from that requirement so that she could attend religious services on Sundays.

In May 2014, Plaintiff requested and was approved for FMLA leave so that she could

undergo surgery on her foot. She was on medical leave until August 6, 2014, when she returned

---

[1] For purposes of this Motion, the Court accepts as true all well-pled factual allegations in the Amended
Complaint and makes all inferences in favor of the Plaintiff.  The Court applies the familiar standard for reviewing a
12(b)(6) motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).

to work as a full-time employee. When she returned, she began working under a new Director of

Nursing (DON), Noreen Beam. Ms. Beam allegedly told Plaintiff that all nursing staff were now

required to work every other weekend, and her request for a religious accommodation was

denied. Plaintiff also alleges that she was treated rudely and suffered pretextual discipline under

the new DON. Because she was unwilling to work every other Sunday, Plaintiff returned to per

diem status in November 2014. She remains a per diem employee to this date.

Plaintiff alleges that she complained to Human Resources that her religious

accommodation was denied and that she was being treated differently from Caucasian

employees, who were not all required to work on Sundays. Plaintiff then filed an Equal

Employment Opportunity Commission (EEOC) complaint, and requested that it be cross-filed

with the Pennsylvania Human Rights Commission (PHRC). On June 17, 2015, the EEOC issued

a right to sue letter. On September 16, 2015, Plaintiff filed her complaint in this case, alleging

violations of federal law. On December 7, 2015, Plaintiff amended her complaint to add a sixth

cause of action, alleging violations of the Pennsylvania Human Relations Act (PHRA).

Plaintiff's Amended Complaint now alleges: 1) religious discrimination, religious-based

retaliation, and failure to accommodate her religion (Count I); 2) race discrimination and

retaliation (Count II and III); 3) violations of the FMLA (Count IV); 4) violations of the ADA

(Count V); and 5) violations of the PHRA (Count VI).  Defendant has moved to dismiss Count

V, and to dismiss Count VI to the extent that it exerts disability-based discrimination or

retaliation claims, on the basis that those claims were not procedurally exhausted through the

EEOC and PHRC processes as required by statute.

## II.   DISCUSSION

A plaintiff alleging a Title I violation of the ADA must first exhaust her administrative

remedies.[2] Similarly, a plaintiff who wishes to bring a PHRA claim in civil court must first

exhaust administrative remedies with the PHRC.[3] This can be accomplished either by filing a

complaint directly with the PHRA, or by the transmittal of an EEOC complaint to the PHRC.

Plaintiff filed a complaint with the EEOC and requested that her complaint be transmitted to the

PHRC. However, Defendant argues that she did not raise the issue of disability-based

discrimination in her EEOC Charge. Therefore, Defendant argues, Plaintiff's ADA claims and

disability-based PHRA claims are outside the scope of the administrative Charge, and Plaintiff's

disability-based discrimination and retaliation claims must be dismissed. This Court only has

jurisdiction to hear claims contained in or "fairly within the scope of the prior EEOC complaint,

or the investigation arising therefrom."[4]

Plaintiff does not dispute that exhaustion of administrative remedies is a necessary

prerequisite to civil suit under the ADA and the PHRA, but argues that she did exhaust

administrative remedies with regard to her ADA and disability-based PHRA claims. Plaintiff

submitted her EEOC complaint by completing the EEOC's Charge of Discrimination form.[5] This

form asks claimants to indicate the cause of discrimination by checking the appropriate boxes.

Plaintiff checked "race," "religion," "retaliation," and "other" (and typed "Accommodation

Religious Belief" under "other"), but she did not check "disability." She also failed to mention

any disability or disability-based discrimination or retaliation in her narrative description of the

---

[2] *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999).

[3] *Clay v. Advanced Computer Applications, Inc.,* 559 A.2d 917, 919 (Pa. 1988).

[4] *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir. 1984)).

[5] See Doc. No. 12, Exh. A.

alleged discrimination against her. The only potentially relevant statement in Plaintiff's EEOC

complaint reads as follows: "In or about August of 2014, after I returned from an 11-week

medical leave of absence, I began to be supervised by a new DON, Noreen Beam."[6] Plaintiff

then complains that her new supervisor told her that all employees were required to work every

other Sunday, despite Plaintiff's protest that doing so interfered with the practice of her religion

(identified as Christian in the EEOC complaint). She also indicates that an employee of a

different race was not required to work on Sundays, although Plaintiff was. She then writes: "I

believe that I was demoted and had my hours reduced significantly because of my religious

beliefs, my request for religious accommodations, and/or because of my race."

In the Charge, Plaintiff does not describe the reason for her medical leave of absence, nor

does she describe any disability she suffers or is perceived as having, and she does not at any

point indicate that she is asserting a violation of her rights under the ADA.  It is worth noting

that, under the FMLA, medical leaves of absence may be used to care for sick or disabled family

members, to care for infants, and to recover from non-disabling medical conditions and

procedures. Therefore, given the scant information provided in the Charge, one cannot even infer

from the face of the EEOC Charge that Plaintiff's leave was connected to her own medical

needs, much less that she had a disabling medical condition as defined by the ADA.[7]

Although Plaintiff now argues that an investigation into disability-related retaliation

would naturally grow out of this charge, the Court cannot agree. Plaintiff simply does not allege

any facts in the Charge from which the EEOC could infer that Plaintiff was complaining of

disability-based discrimination. Plaintiff explicitly stated that, under a new supervisor, she was

demoted when she requested a religious accommodation, and that she believed this demotion

---

[6] *Id.*

[7] The Amended Complaint also fails to allege that Plaintiff suffers from or is perceived by her employer as having a disabling condition.

was due to her race, religion, or request for religious accommodation. All facts alleged were in support of that argument. Thus, the Court cannot conclude that her Charge provided adequate notice to the EEOC that it should investigate whether disability-based discrimination occurred. For the same reasons, when her EEOC complaint was forwarded to the PHRC, the Charge would not have put the PHRC on notice to investigate a disability-based discrimination or retaliation claim. Because the Court cannot find, on the basis of the Charge and the facts alleged in the Amended Complaint, that these claims were raised and investigated during the administrative complaint process, they must be dismissed.

## III.    CONCLUSION

For the reasons set forth herein, Defendant's partial motion to dismiss will be granted. An appropriate order follows.